**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

Case No. 12-20543-CIV-GOODMAN

[CONSENT CASE]

V/G INVESTMENT, INC.

    Plaintiff,

v.

M/V PACIFIC II, her engines, machinery,
boilers, appliances, equipment, freight,
(including tackle, apparel, Appurtenances, et
cetera), in rem and PACIFIC SHIPPING
CORPORATION PANAMA

    Defendants.

_____/

**ORDER ON PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**

This *in rem* admiralty cause is before the Court on Plaintiff's Motion to Strike Affirmative Defenses. [ECF No. 38]. The Court has reviewed the motion, Defendant M/V Pacific II's response and Plaintiff's reply. For the reasons stated below, the Court **GRANTS** the motion in part and **DENIES** the motion in part. [ECF Nos. 39; 40].

**I.    INTRODUCTION**

This admiralty case involves Plaintiff's complaint for allegedly unpaid repairs, supplies, and related costs. [ECF No. 23]. Plaintiff has named the vessel (and its engines and equipment) as an *in rem* defendant and also named a Panamanian corporation as an individual defendant. Plaintiff filed its amended complaint on March 26, 2012 and the *in rem* Defendant M/V Pacific II (i.e., the vessel) filed its answer and affirmative defenses to the amended complaint on April 5, 2012. [*Id.*; ECF No. 27]. On

April 27, 2012, Plaintiff moved for an unopposed extension of time to move to strike Defendant's affirmative defenses and this Court granted the extension motion on April 30, 2012. [ECF Nos. 31; 35]. Plaintiff thereafter timely filed its motion to strike affirmative defenses on May 21, 2012. [ECF No. 38].

In its motion, Plaintiff moved to strike as legally insufficient all sixteen of the affirmative defenses raised in Defendant's answer to Plaintiff's amended complaint. [ECF Nos. 27; 38]. Plaintiff contends that affirmative defenses one through fifteen are either not valid defenses or merely state legal conclusions without any accompanying, necessary factual allegations. Plaintiff contends affirmative defense sixteen merely points out an alleged legal defect in the amended complaint and is not actually an affirmative defense. Not surprisingly, Defendant responds that it believes its affirmative defenses are sufficient and do not require any additional factual allegations. Defendant also appears to contend that its failure to plead specific facts in support of its affirmative defenses is excused by its contention that Plaintiff's complaint is "devoid of any factual allegations or details." [ECF No. 39, p. 2].

## II. **LEGAL STANDARDS**

Federal Rule of Civil Procedure 12(f) authorizes a court "to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter . . . on its own; or . . . on motion by a party . . . within 21 days after being served with the pleading." A defense is "insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." *Romero v. S. Waste Sys., LLC*, 619 F. Supp. 2d 1356, 1358 (S.D. Fla. 2009) (internal quotation marks and citations omitted). "[M]otions to strike are disfavored and rarely granted." *BB In Tech.*

*Co., Ltd. v. JAF, LLC*, 242 F.R.D. 632, 641 (S.D. Fla. 2007) (citing *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962)).

An affirmative defense is "one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matters." *Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia*, 777 F. Supp. 2d 1322, 1327 (S.D. Fla. 2011) (internal quotation marks and citations omitted). Affirmative defenses must also comply with the pleading requirements of Rule 8(a) and allege plausible *facts* supporting each affirmative defense. *Cano v. S. Fla. Donuts, Inc.*, No. 09-81248-CIV, 2010 WL 326052, at *1 (S.D. Fla. Jan. 21, 2010); *see also Mid-Continent Cas. Co. v. Active Drywall S., Inc.*, 765 F. Supp. 2d 1360, 1360 (S.D. Fla. 2011) (affirmative defenses must be pled consistent with *Twombly*); *see also* 5 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 1274 (3d. ed. 2012) (noting that there is disagreement whether Rules 8(a) and 8(b) contain identical pleading standards but remarking that an identical standard promotes "efficiency" and makes sense "because boilerplate defenses clutter dockets and expand discovery").

Framed by these rules, "courts do not tolerate shotgun pleading of affirmative defenses and strike vague and ambiguous defenses that do not address any particular count, allegation, or legal basis of a complaint." *Cano*, 2010 WL 326052, at *1 (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1128-29 (11th Cir. 1996) *abrogated on other grounds by Douglas Asphalt Co. v. QORE, Inc.*, 657 F.3d 1146 (11th Cir. 2011)).

It is <u>not</u> an affirmative defense "simply to state 'Plaintiff has failed to state a cause of action upon which relief can be granted.'" *White v. De La Osa*, No. 07–23381–

CIV, 2011 WL 1559826, at *2 (S.D. Fla. Apr. 25, 2011) (quoting *Gonzalez v. Spears Holdings, Inc.*, No. 09-60501-CIV, 2009 WL 2391233, at *2 (S.D. Fla. July 31, 2009) (citing *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988))).

In *Byrne*, 261 F.3d at 1129, the Eleventh Circuit discussed an answer containing conclusory affirmative defenses comprised of only one word or a short sentence containing phrases such as:

> "estoppel," "statute of limitations," "failure to state a claim for relief," "consent," "accord and satisfaction," "payment and release," "waiver," that the Georgia RICO statute is "unconstitutionally vague," and that plaintiff's claim for punitive damages "violate[ed] [sic] the Eighth, Thirteenth, and Fourteenth Amendments of the Constitution of the United States of America."

The Eleventh Circuit made the following observation about these defenses as phrased in the answer: "Although the defendants' affirmative defenses were comprehensible in a literal sense, because they addressed the amended complaint as a whole they were, as a practical matter, as vague and ambiguous as the amended complaint." *Id.* The Eleventh Circuit concluded that pleadings containing alleged defenses like this constitute "shotgun pleadings." *Id.*

### III. ANALYSIS

In this case, Defendant asserted its affirmative defenses [ECF No. 27, pp. 3-5] as follows:

#### FIRST AFFIRMATIVE DEFENSE

> This action is governed by and subject to the terms, limitations, and conditions contained within the agreement(s), if any, between Plaintiff and Defendant, and the Defendant adopts and incorporates same in its entirety to its answer by reference.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff's claims are governed by Maritime Law and Florida law and any recovery is limited by Maritime Law and Florida law.

### THIRD AFFIRMATIVE DEFENSE

Defendant fully discharged his duty to the Plaintiff by making payments to Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred in whole or in part because the Complaint fails to state a claim upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred in whole or in part on the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

To the extent applicable, any award of damages to the Plaintiff must be reduced for any collateral source payments.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred in whole or in part on the basis of its failure to mitigate its alleged damages.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendant is entitled to a set-off for any award of damages to the Plaintiff for any payments made on the alleged account(s)/invoice(s).

### NINTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred in whole or in part because the Plaintiff waived any right to recovery and damages.

### TENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred in whole or in part on the basis of accord and satisfaction.

### ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred in whole or in part on the basis of duress.

### TWELFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred in whole or in part on the basis of estoppel.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred in whole or in part on the basis of illegality.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred in whole or in part on the basis of false arrest of the vessel.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred in whole or in part based on the doctrine of unclean hands.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred in whole or in part on the basis that the Plaintiff's Amended Complaint for Collection of Supplies and Related Costs is not verified as required by the Supplemental Rules for Admiralty or Maritime Claims and Local Rules.

In this case, the Court concludes that it must strike Defendant's affirmative defense numbers one through three and five through fifteen. Although this remedy is *generally* disfavored, the Court concludes that the remedy is required in this *particular* instance. This is because none of the alleged affirmative defenses contain factual allegations of *any* kind. Instead, the alleged affirmative defenses contain only bare legal conclusions.

For example, the ninth (waiver), eleventh (duress), twelfth (estoppel), thirteenth (illegality) and fifteenth (unclean hands) defenses are especially vague and fact-free.

Plaintiff would have no idea what type of scenario Defendant is referring to when asserting these defenses. How did Plaintiff purportedly waive its claims? Why are the claims subject to estoppel? What type of illegality precludes recovery? Defendant does not say. Nothing in the affirmative defenses even hints at the general *category* of event which supposedly generates the purported defenses, let alone a summary of the specific facts.

Other defenses, while not quite as nebulous, are also impermissibly vague and conclusory.

For example, affirmative defense number three alleges "Defendant fully discharged his duty to the Plaintiff by making payments to Plaintiff." This Court assumes that counsel conducted "an inquiry reasonable under the circumstances," Fed. R. Civ. P. 11(b), before alleging this defense. Defendant therefore should have been able to allege at least *some* details regarding the amount of any payment, the date of any payment, and/or the method of any payment. But Defendant did not and its failure to do so renders the affirmative defense insufficient.

By way of further example, in affirmative defense number one, Defendant states that it is adopting and incorporating certain contractual defenses by reference. Defendant, however, not only does not identify any specific contractual defenses or what agreement gave rise to these defenses, but Defendant also suggests the agreement may not even exist – because it qualifies this defense by cryptically referring to "the agreement(s), **if any**." [ECF No. 27, p. 3 (emphasis added)]. At bottom, this purported affirmative defense is nothing more than a recitation of the legal principal that a party's legal relationship can be detailed and regulated by a contract.

The Court could make the same or similar comments about the other affirmative defenses it is striking. The Court has no reason to suspect that defense counsel and Defendant did not undertake a reasonable investigation before filing these defenses or that they could not have alleged the requisite factual support for each affirmative defense. Nevertheless, the reality is that Defendant did not include sufficient factual support to enable Plaintiff to understand the defenses. Therefore, given the upcoming October trial date, Defendant may serve and file amended affirmative defenses by **Tuesday, July 31, 2012** by the close of business, if it chooses. In doing so, Defendant shall not allege any new or additional defenses and may only, if it is able, correct existing affirmative defense numbers one through three and five through sixteen by supplying the necessary factual support.

The Court notes that the stricken affirmative defenses in this case are similar to the affirmative defense stricken in *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla. 2002). In *Jesse's Computers*, the defendant moved to strike the following affirmative defense: "Plaintiff is barred from enforcing its copyright against the Defendant since (sic) Plaintiff has engaged in licensing and other practices that constitute copyright misuse." *Id.* The district court in that case granted the motion to strike this affirmative defense and noted that defendant "failed to allege any facts whatsoever in support of its copyright misuse defense" and "it is clear that the Defendant's copyright misuse defense falls woefully short of even the liberal requirements of Rule 8." *Id.* The Court concludes that the affirmative defenses in this case fall at least as short of the required pleading standard as the one raised in *Jesse's Computers* and therefore must be stricken.

However, the Court will not strike affirmative defense number four because it is not actually an affirmative defense. Instead, it is a denial. *See Gonzalez*, 2009 WL 2391233, at *2. Where a defendant raises a failure to state a claim as a purported affirmative defense, the appropriate course of action is for a court simply to treat the alleged affirmative defense as a denial and not to strike it. *Id.* For similar reasons, the Court will also not strike affirmative defense number sixteen. Like a failure to state a claim, a defendant's allegation that the amended complaint is not verified is not properly construed as an affirmative defense because it does not, for example, admit the allegations in the complaint yet offer an excuse against liability. *See also, e.g., Gyasi v. M/V "Andre"*, No. 07-23281-CIV, 2008 WL 906761, at *1 (S.D. Fla. Apr. 1, 2008) (defendant filed a motion to dismiss an admiralty intervenor complaint on the ground it was not verified). The Court notes that this ruling as to number sixteen is <u>not</u> a ruling on whether the allegations contained therein entitle Defendant to any specific form of relief, as no such request for relief is pending before the Court.[1]

In closing, the Court will also address two specific arguments that Defendant made but that the Court finds are without merit.

---

[1] Plaintiff cites *In re Rawson Food Service, Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988), for the proposition that affirmative defense number sixteen should be stricken because it "merely points out an alleged defect in Plaintiff's pleading." [ECF No. 38, p. 4]. In *Rawson*, the Eleventh Circuit held that a "defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *See also* BLACK'S LAW DICTIONARY 1228 (8th ed. 2004) (defining a "prima facie case" as "1. The establishment of a legally required rebuttable presumption [or] . . . 2. A party's production of enough evidence to allow the fact-trier to infer the fact at issue and rule in the party's favor.") Here, Plaintiff is correct that the sixteenth affirmative defense is not an affirmative defense but has failed to explain why the Court should *strike* it, rather than treat it as a challenge to Plaintiff's failure to comply with a local rule verification requirement.

First, Defendant argues that Form 30 to the Federal Rules of Civil Procedure supports its contention that its affirmative defenses *are* sufficient despite its failure to allege any facts in support. Defendant cites to no authority supporting its contention that the paragraph of Form 30 dealing with a failure to state a claim even applies to affirmative defenses but, in light of the fact that a failure to state a claim is not an affirmative defense, it appears to the Court unlikely that this paragraph applies. The Court notes, however, that a different paragraph of Form 30 instead addresses affirmative defenses and gives the following example:

### Affirmative Defense--Statute of Limitations

6. The plaintiff's claim is barred by the statute of limitations because it arose more than _____ years before this action was commenced.

A plain reading of this paragraph of the form demonstrates that even defendants who utilize these forms are required to plead *facts* and not merely legal conclusions. Specifically, this form contains a "because" clause that requires the defendant to detail the number of years before the action commenced that a plaintiff's claim arose. In other words, this form clearly anticipates that a proper affirmative defense will include some details as to why the defense applies to a specific claim at issue.

Second, Defendant appears to argue that its failure to allege any specific facts is excused because Plaintiff's complaint is "devoid of any factual allegations or details." However, the sufficiency of Plaintiff's complaint is not the matter currently before the Court and the Court will not comment on that issue at this time. If Defendant believes that the complaint is in some way legally insufficient, then Defendant could have filed, for example, a motion to dismiss or for a more definite statement instead of answering the complaint. Defendant cites to no authority, and the Court is aware of none, that authorizes a defendant to file legally insufficient affirmative defenses on this ground,

instead of taking advantage of the other options authorized by the Federal Rules of Civil Procedure. Such a theory would create inefficiency and confusion and the Court will not adopt it here.

## IV.   CONCLUSIONS

The Court **GRANTS** the motion to strike as to Defendant's affirmative defenses one through three and five through fifteen but **DENIES** it as to numbers four and sixteen. Defendant may serve and file amended affirmative defenses (i.e., amending the *existing* affirmative defenses by including additional detail sufficient to elevate the defenses to acceptable form) by **Tuesday, July 31, 2012** at the close of business, if it chooses.

**DONE AND ORDERED**, in Chambers, in Miami, Florida, this 27th day of July, 2012.

JONATHAN GOODMAN
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

**All counsel of record**